UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **BRENDA POWELL** | **CIVIL ACTION NO. 08-1689** |
| -vs- | **JUDGE DRELL** |
| **WAL-MART LOUISIANA, LLC,** *et al.* | **MAGISTRATE JUDGE KIRK** |

**REPORT AND RECOMMENDATION**

Before the Court is plaintiffs' MOTION TO REMAND, Doc. # **7**, referred to me by the district judge for Report and Recommendation.

FACTUAL BACKGROUND

Plaintiff, Brenda Powell alleges that she was a customer in the Pineville, Louisiana Wal-Mart store in October of 2007 when she slipped and fell, suffering injuries. Plaintiff filed suit in state court not only regarding this accident but also regarding a separate accident at Walgreens Drug Store. Wal-Mart timely removed the case to this court and argues that the two claims are improperly cumulated. The petition alleges negligence on the part of Wal-Mart and its manager, William Lowery.

Plaintiff filed the instant motion to remand and Defendant, Wal-Mart, argues that, because there is no

reasonable possibility of recovery against the former manager, Lowery, under Louisiana law, complete diversity exists and jurisdiction is proper in this court. Wal-Mart also seeks dismissal of its store manager, Lowery as a defendant.

DISCUSSION

First, the claims against Wal-Mart and Walgreens are improperly cumulated; therefore we may disregard the citizenship of Walgreens and it store manager in deciding this motion to remand. See LSA-C.C.P. Art. 463.

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder"

2

can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the individual defendant, the store manager, Mr. Lowery. Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co._, 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. Travis, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of

recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.* Plaintiffs are citizens of Louisiana, while Wal-Mart is a foreign corporation.  However, Mr. Lowery also resides in Louisiana. His presence in the suit would destroy the complete diversity required by federal law.

The only allegations against the store manager, Lowery, are that "the doctrines of res ipsa loquitur and liability are applicable and Wal-Mart and its manager are presumed to be at fault.

In discerning whether a non-diverse defendant has been fraudulently joined, the court must determine whether the plaintiff has any possibility of recovering against the non-diverse defendant. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100-101 (5th Cir.) 1990. Under Louisiana law, a store manager or other employee may not be held liable for an invitee's injury on store premises unless four distinct criteria are satisfied. Canter v. Koehring Co., 283 So.2d 716, 721 (La. 1973); Ford v. Elsbury, 32 F.3d 931, 936 (5th Cir. 1994).  First, the employer must owe a duty of care to the third person, the breach of which has caused the damage

4

for which recovery is sought.  <u>Canter</u>, 283 So.2d at 721. Second, this duty is delegated by the employer to the employee.  *Id.* Third, the employee has breached this duty through personal fault, as contrasted with technical or vicarious fault.  *Id.*  Fourth, personal liability cannot be imposed upon the employee because of his general administrative responsibility for performance of some function of employment.  *Id.* He must have a personal duty to the plaintiff, and the breach of that duty must have caused the plaintiff's damages.  *Id.*  Also, if the defendant's responsibility was delegated with due care to a subordinate, he is not liable unless he knew or should have known of the non-performance or mal-performance of the duty by the subordinate.  *Id.*

In order to state a cause of action against Wal-Mart's manager, then, it must be shown that Wal-Mart delegated its duty to him and that he personally breached that duty.

Wal-Mart, as a merchant, owes its patrons a duty to exercise reasonable care to keep its floors in a reasonably safe condition, ensuring that the premises are free of hazardous conditions which might reasonably cause damage. La. R.S. 9:2800.6.

Here there is no evidence and there are no allegations that Wal-Mart delegated the duty to clean up the water to the store manager or that the store manager breached a personal duty to the plaintiff. This case is similar to Brady v. Wal-Mart *Stores*, 907 F.Supp. 958, 960 (M.D. La. 1995), in which a store manager was sued for failing to prevent a stack of boxes from falling on an invitee's head. The court noted that, although plaintiff accused the manager of being responsible for stacking the boxes improperly, there was no accusation that the manager himself stacked the boxes, and the plaintiff could not reveal who personally caused the accident. *Id.* Holding that it was improper to hold a manager liability for breaches of his general administrative duties as store manager, the court agreed he had been improperly joined. *Id.* at 961.

This court has repeatedly recognized these principles. See, for example, district judge Drell's opinion in Carter v. Wal-Mart, 04-0072 on the docket of this court.

As in Brady, this is a classic case of attempting to place liability upon a store manager "simply because of his general administrative responsibility for performance of some function of employment." Canter at 721. There is no such theory of recovery under Louisiana law. Therefore, plaintiff's

6

claims against Lowery fall short as a matter of law; thus, he has been improperly joined and his presence in the suit should be disregarded for the purposes of determining jurisdiction, that is, whether complete diversity of the parties exists. Lowery should be dismissed as a defendant.

## CONCLUSION

For the foregoing reasons, because complete diversity exists, the plaintiffs' motion to remand should be DENIED and defendant Lowery dismissed as a defendant.

IT IS RECOMMENDED that defendant's motion to remand (Doc. **7**) be DENIED and that defendant Lowery be dismissed as a defendant.

Alexandria, Louisiana, August 4, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE